AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

__Southern__                  District of                  __New York__

JEROME LEVINE

**SUMMONS IN A CIVIL ACTION**

V.

THE UNITED STATES OF AMERICA and NEW YORK ELEVATOR & ELECTRICAL CORP., et al,

CASE NUMBER:

**07 CV 10949**

**JUDGE CHIN**

TO: (Name and address of Defendant)

THE UNITED STATES OF AMERICA, Dept. of Veterans Affairs, Office of the General Counsel, Washington, DC 20420

NEW YORK ELEVATOR & ELECTRICAL CORPORATION f/k/a NEW YORK ELEVATOR CO., INC., a/k/a CENTRAL ELEVATOR, INC., 519 8TH AVE, 12TH FL, NEW YORK, NEW YORK 10018

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Simon B. Landsberg, Esq.
Grover and Fensterstock P.C.
575 Lexington Avenue, Suite 400
New York, New York 10022
(212) 527-7575

an answer to the complaint which is served on you with this summons, within ___60___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

_(signature)_

(By) DEPUTY CLERK

DATE: DEC 0 3 2007

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | FILED: 12/03/2007 |
| JEROME LEVINE,<br>                  Plaintiff,<br><br>-against-<br><br>THE UNITED STATES OF AMERICA<br>and NEW YORK ELEVATOR &<br>ELECTRICAL CORPORATION f/k/a<br>NEW YORK ELEVATOR CO., INC., a/k/a<br>CENTRAL ELEVATOR, INC.,<br><br>                  Defendants. | **COMPLAINT**<br><br>**Jury Trial** Yes × No ☐<br><br>CASE NUMBER:<br>07 CV 10949<br><br>JUDGE'S INITIALS: DC<br><br>ECF CASE |

    Plaintiff, by and through his attorneys, Grover & Fensterstock, P.C. complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## THE PARTIES

1. The Plaintiff, Jerome Levine, (hereinafter, "Levine"), was and is a resident of the County of Bronx, in the State of New York, with a residence located at 2750 Ollinville Avenue, Apt. # 2C, Bronx, New York 10467.

2. The Defendant, United States of America, (hereinafter "USA"), through its employees and through the Department of Veterans' Affairs, a Federal Agency, at all times hereinafter mentioned, owned, controlled, operated and managed the hospital known as the James J. Peters Veterans Administration Medical Center, located at 130 West Kingsbridge Road, Bronx, New York 10468, (hereinafter, the "Medical Center").

1

3. The Defendant, NEW YORK ELEVATOR & ELECTRICAL CORPORATION f/k/a NEW YORK ELEVATOR CO., INC., a/k/a CENTRAL ELEVATOR, INC., (hereinafter, "NY ELEVATOR"), was and is a Domestic Business Corporation duly existing under the laws of the State of New York, with a principal place of business located at 519 Eighth Avenue, New York, New York 10018.

## JURISDICTION AND VENUE

4. The causes of action herein arise under the Federal Tort Claim Act, Title 28 U.S.C. §§ 2671-2680 and 1346(b), in that these claims are against the Defendant, USA, for money damages, accruing on and after August 23, 2005, and on or after October 7, 2005, for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the scope of their office or employment, under circumstances where the USA, if a private person, would be liable to the Plaintiff in accordance with the laws of the places where the act or omission occurred.

5. These actions are to redress under the code of statute, ordinance, regulation, custom or usage of rights, privileges and immunities secured to the Plaintiff by the Federal Tort Claims Act ("FTCA"), *28 U.S.C. §2671*, et. seq. and 1346(b), and arising under the laws and statutes of the State of New York.

6. Supplemental jurisdiction of this Court is based upon Title 28 U.S.C. §1367(a) in that the claims against the Defendants alleged herein derive from a common nucleus of operative fact.

7. Pursuant to Title 28 U.S.C. §1391, the Southern District of New York is the proper venue for this lawsuit because the causes of action arose in Bronx County, which is located in the Southern District of New York, at the Medical Center.

8. On March 1, 2006, in conformity with 28 U.S.C.A. § 2675, the Plaintiff presented a written notice of claim (Form 95) to the Office of Regional Counsel for the Department of Veterans Affairs, a department of the Defendant, USA, setting forth the Plaintiff's claim for damages in the amount of $5,000.000.00 (Five Million Dollars), concerning his first cause of action. (Annexed hereto as Exhibit A).

9. On October 6, 2006, the Department of Veterans Affairs denied the Plaintiff's first claim.

10. On March 23, 2007, the Plaintiff requested an administrative appeal and review of the denial of his first claim.

11. On March 23, 2007, in conformity with 28 U.S.C.A. § 2675, the Plaintiff presented a written notice of claim (Form 95) to the Office of Regional Counsel for the Department of Veterans Affairs, a department of the Defendant, setting forth the Plaintiff's claim for damages in the amount of $5,000.000.00 (Five Million), concerning his second cause of action. (Annexed as Exhibit B.)

12. On June 5, 2007, the Department of Veterans' Affairs denied the Plaintiff's second claim.

13. On August 20, 2007, the Department of Veterans' Affairs denied the appeal and review of the Plaintiff's first claim.

14. These actions are timely pursuant to 28 U.S.C. §2401 (b) in that they were presented to the appropriate agency within two years of accrual and these actions were filed within six months of receipt of the certified letters sent by the federal agency denying the claim. (All correspondence concerning the denials of the Plaintiff's claims and sequent appeals referred to herein are annexed as Exhibit C).

### AS AND FOR A FIRST, SEPARATE & DISTINCT CAUSE OF ACTION AGAINST THE UNITED STATES OF AMERICA

15. The Plaintiff reasserts and realleges each and every allegation of paragraphs 1 through 14 above as if set forth at length herein.

16. At all times mentioned herein, the Plaintiff, Levine, was a patient undergoing dialysis treatment at the Medical Center.

17. That on or about August 23, 2005, the Plaintiff, Levine, requested slippers and nurse's assistance in going to the bathroom.

18. That on or about August 23, 2005, after the Plaintiff, Levine, after not receiving slippers or nurse's assistance, left his bed and used the bathroom adjoining to his hospital room in the Medical Center.

19. That upon returning to his bed from the bathroom, the Plaintiff, Levine, unknowingly stepped in a puddle of water and/or other liquid that was located

around and about the sink, located outside of the bathroom, and was caused to slip and fall to the floor.

20. As a result of his slipping and falling, the Plaintiff suffered serious and permanent personal injuries, requiring surgery to his left hip and requiring physical and occupational therapy, and causing severe pain and suffering.

21. That the puddle or wet area of the floor was due solely to the negligence of the Defendant, USA, and/or its agents, servants and/or employees, and not in any way attributable to the actions or inactions of the Plaintiff.

22. The foregoing occurrence was caused by and through the negligence of the Defendant, USA, and/or its agents, servants and/or employees acting in the course and scope of their employment, in causing a foreign liquid substance, to spill, leak, accumulate and/or remain onto the aforesaid floor, so that it became slippery and dangerous; in failing to wash, maintain, wipe and/or clean the aforesaid floor so as to render it safe for walking upon; in failing to post any sign, notice or warning of the dangerous condition of the aforesaid floor; in failing to give individuals any warning of the dangerous condition existing with respect to the aforesaid floor; in failing to provide Levine with slip-proof footwear; and in failing to provide assistance to Levine in going to and/or coming from the bathroom.

23. This action falls within one or more of the exceptions set forth in CPLR § 1602.

24. The aforementioned negligence of the Defendant, USA, is not protected by the discretionary function exception to the Federal Tort Claims Act, U.S.C.A. §2680(a).

25. Upon information and belief, the Defendant, USA, had prior actual notice of the dangerous and hazardous conditions in or about the room that were the proximate cause of Plaintiff's accident and injuries.

26. Upon information and belief, the Defendant had prior constructive notice of the dangerous and hazardous condition in or about the room that were the proximate cause of the Plaintiff's accident and injuries.

27. As a result of the negligence of the Defendant, USA, the Plaintiff, Levine, suffered serious, permanent and painful injuries, past, present and future medical expenses, lost income, impairment of earning capacity, loss of enjoyment of life, attorneys' fees and costs, all to his damage in the sum of $5,000,000.00 (Five Million Dollars).

### AS AND FOR A SECOND, SEPARATE & DISTINCT CAUSE OF ACTION AGAINST THE UNITED STATES OF AMERICA

28. The Plaintiff reasserts and realleges each and every allegation of paragraphs 1 through 27 above as if set forth at length herein.

29. That on or about October 7, 2005, the Plaintiff was entering the elevator at the ground level of the Medical Center, which transported passengers to and from the ground level to the upper levels of the Medical Center, (hereinafter referred to as "the Elevator").

30. That upon reaching the ground level of the Medical Center, the Elevator was not level with the floor from which the Plaintiff was entering.

31. The Defendant, USA, their agents, servants and/or employees, while acting in the course and scope of their employment, were negligent in their manufacture, installation, ownership, operation, maintenance, management, regulation and control of the Elevator in that they failed to ensure a safe and proper mode of transportation between the floors of the Medical Center; they failed to provide a proper and adequate manner of ingress and egress to the Medial Center's floors; they caused and created a dangerous condition in the manner of the Elevator's level at each floor, without due care and caution for the safety of Medical Center's patients; they failed to remedy the aforementioned defects despite knowledge thereof; they failed to inspect the Elevator at appropriate intervals to ensure its proper maintenance; they caused, allowed and permitted the aforedescribed conditions to worsen, creating a trap and nuisance at the Medical Center; they failed to take the steps that would have prevented the possibility of injury on the Elevator; they failed to be cognizant of the dangers and hazards posed by their poorly maintained Elevator; they failed to heed the serious nature of the dangerous condition that they created; they failed to warn lawful patients of the dangers lurking threat; they failed to exercise the care and caution required under the circumstances; they failed to notify NY Elevator and/or other contractor responsible for the manufacture, construction, operation, maintenance, management and control of the Elevator, of the aforementioned and aforedescribed conditions; and, they violated the laws, rules, regulations, statutes and ordinances of the County, City and State of New York and Federal Regulatory Agencies and Societies, in such cases made

and provided, and were otherwise negligent, reckless and careless in the Medical Center.

32. That the unleveled condition of the Elevator constituted a dangerous and/or hazardous condition.

33. Upon information and belief, the Defendant, USA, had prior actual notice of the dangerous and hazardous conditions in or about the Elevator that were the proximate cause of Plaintiff's accident and injuries.

34. Upon information and belief, the Defendant had prior constructive notice of the dangerous and hazardous condition in or about the Elevator that were the proximate cause of the Plaintiff's accident and injuries.

35. That as a result of the dangerous and/or hazardous condition, the Plaintiff was caused to trip and fall.

36. As a result of his tripping and falling, the Plaintiff suffered serious personal injuries, requiring a revision of aforementioned left hip surgery on October 26, 2005, of the aforementioned surgery performed at the Medical Center, requiring further physical and occupational therapy and causing further severe pain and suffering.

37. The aforementioned negligence of the Defendant, USA, is not protected by the discretionary function exception to the Federal Tort Claims Act, U.S.C.A. §2680(a).

38. As a result of the negligence of the Defendant, USA, the Plaintiff, Levine, suffered serious, permanent and painful injuries, past, present and future medical expenses, lost income, impairment of earning capacity, loss of

enjoyment of life, attorneys' fees and costs, all to his damage in the sum of $5,000,000.00 (Five Million Dollars).

### AS AND FOR A THIRD, SEPARATE & DISTINCT CAUSE OF ACTION AGAINST NEW YORK ELEVATOR

39. The Plaintiff reasserts and realleges each and every allegation of paragraphs 1 through 38 above as if set forth at length herein.

40. Upon information and belief, at all times mentioned, the Defendant NY ELEVATOR, manufactured, constructed, operated, maintained, managed and controlled the Elevator.

41. Upon information and belief, at all times hereinafter mentioned, the Defendant, NY ELEVATOR, contracted with the Defendant, USA, to manufacture, construct, install, operate, maintain and regulate the Elevator.

42. The Defendant, NY ELEVATOR, their agents, servants and/or employees, while acting in the course and scope of their employment, were negligent in their manufacture, installation, ownership, operation, maintenance, management, regulation and control of the Elevator in that they failed to ensure a safe and proper mode of transportation between the floors of the Medical Center; they failed to provide a proper and adequate manner of ingress and egress to the Medial Center's floors; they caused and created a dangerous condition in the manner of the Elevator's level at each floor, without due care and caution for the safety of Medical Center's patients; they failed to remedy

the aforementioned defects despite knowledge thereof; they failed to inspect the Elevator at appropriate intervals to ensure its proper maintenance; they caused, allowed and permitted the aforedescribed conditions to worsen, creating a trap and nuisance at the Medical Center; they failed to take the steps that would have prevented the possibility of injury on the Elevator; they failed to be cognizant of the dangers and hazards posed by their poorly maintained Elevator; they failed to heed the serious nature of the dangerous condition that they created; they failed to warn lawful patients of the dangers lurking threat; they failed to exercise the care and caution required under the circumstances; they failed to take heed of the Defendant, USA's, warnings and/or notices, if any were given, concerning the aforementioned and aforedescribed condition; and, they violated the laws, rules, regulations, statutes and ordinances of the County, City and State of New York and Federal Regulatory Agencies and Societies, in such cases made and provided, and were otherwise negligent, reckless and careless in the Medical Center.

43. Upon information and belief, the Defendant, NY ELEVATOR, had prior actual notice of the dangerous and hazardous conditions upon the premises that were the proximate cause of the Plaintiff's accident and injuries.

44. Upon information and belief, the Defendant, NY ELEVATOR, had prior constructive notice of the dangerous and hazardous conditions upon premises that were the proximate cause of the Plaintiff's accident and injuries.

45. One or more of the exceptions contained in Section §1602 of the Civil Practice Law and Rules pertains to this action.

46. As a result of the negligence of the Defendant, NY Elevator, the Plaintiff, Levine, suffered serious, permanent and painful injuries, past, present and future medical expenses, lost income, impairment of earning capacity, loss of enjoyment of life, attorneys' fees and costs, all to his damage in the sum of $5,000,000.00 (Five Million Dollars).

### RELIEF

**WHEREFORE**, the Plaintiff, Jerome Levine, hereby respectfully demands judgment against defendants, as follows:

1. On the First Cause of Action against defendants in an indeterminate sum of no less than Five Million ($5,000,000.00) Dollars;

2. On the Second Cause of Action against defendants in an indeterminate sum of not less than Five Million ($5,000,000.00) Dollars;

3. On the Third Cause of Action against defendants in an indeterminate sum of no less than Five Million ($5,000,000.00) Dollars; and

4. Together with interest, counsel fees and the costs and disbursements of this action.

Dated: New York, New York
       November 21, 2007      Yours, etc.

_____
Simon B. Landsberg, Esq., SL2292
Grover and Fensterstock P.C.
575 Lexington Avenue, Suite 400
New York, New York 10022
(212) 527-7575

TO:

UNITED STATES OF AMERICA
United States Attorney's Office
Southern District of New York
One St. Andrews Plaza, New York, NY 10007

NEW YORK ELEVATOR & ELECTRICAL CORPORATION f/k/a NEW YORK
ELEVATOR CO., INC., a/k/a CENTRAL ELEVATOR, INC.,
519 8TH AVE, 12TH FL
NEW YORK, NEW YORK, 10018