UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JEROME LEVINE,  Case Number: 07 CV 10949

                Plaintiff,

    -against-  ANSWER TO PLAINTIFF'S COMPLAINT

THE UNITED STATES OF AMERICA and
NEW YORK ELEVATOR & ELECTRICAL
CORPORATION f/k/a NEW YORK ELEVATOR
CO., INC. a/k/a CENTRAL ELEVATOR, INC.  DEFENDANT DEMANDS A TRIAL BY JURY AS TO ALL ISSUES WHICH MAY

              Defendants.  BE HEARD BY A JURY
-------------------------------------------------------------X

The defendant, NEW YORK ELEVATOR & ELECTRICAL CORPORATION f/k/a NEW YORK ELEVATOR CO. INC. a/k/a CENTRAL ELEVATOR, INC., by its attorneys, GERINGER & DOLAN LLP respectfully alleges upon information and belief as follows:

### AS TO THE SECTION "THE PARTIES"

1. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "1".

2. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "2".

3. Denies each and every allegation contained in the subdivision thereof numbered "3", except admits that NEW YORK ELEVATOR & ELECTRICAL CORPORATION f/k/a NEW YORK ELEVATOR CO., INC. a/k/a CENTRAL ELEVATOR, INC. is a corporation organized and existing under the laws of New York State.

## AS TO THE SECTION "JURISDICTION AND VENUE"

4. Denies each and every allegation contained in the subdivision thereof numbered "4", leaving all questions of law and fact to the trial of this action.

5. Denies each and every allegation contained in the subdivision thereof numbered "5", except admits a contract leaving all questions of law and fact to the trial of this action.

6. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "6".

7. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "7".

8. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "8".

9. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "9".

10. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "10".

11. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "11".

12. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "12".

13. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "13".

14. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "14".

## AS TO THE FIRST, SEPARATE & DISTRICT CAUSE OF ACTION AGAINST THE UNITED STATES OF AMERICA

15. Defendant repeats, reiterates and realleges each and every denial as to the allegations contained in the paragraphs designated "1" through "14" of the complaint, in response to paragraph "15" thereof, with the same force and effect as if same were fully set forth at length.

16. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "16".

17. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "17".

18. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "18".

19. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "19".

20. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "20".

21. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "21".

22. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "22".

23. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "23".

24. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "24".

25. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "25".

26. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "26".

27. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "27".

<u>AS TO THE SECOND, SEPARATE & DISTRICT<br>CAUSE OF ACTION AGAINST<br>THE UNITED STATES OF AMERICA</u>

28. Defendant repeats, reiterates and realleges each and every denial as to the allegations contained in the paragraphs designated "1" through "27" of the complaint, in response to paragraph "28" thereof, with the same force and effect as if same were fully set forth at length.

29. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "29".

30. Denies each and every allegation contained in the subdivision thereof numbered "30".

31. Denies each and every allegation contained in the subdivision thereof numbered "31".

32. Denies each and every allegation contained in the subdivision thereof numbered "32".

33. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "33".

34. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "34".

35. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "35".

36. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered "36".

37. Denies each and every allegation contained in the subdivision thereof numbered "37", leaving all questions of law and fact to the trial of this action.

38. Denies each and every allegation contained in the subdivision thereof numbered "38".

## AS TO THE THIRD, SEPARATE & DISTRICT CAUSE OF ACTION AGAINST NEW YORK ELEVATOR

39. Defendant repeats, reiterates and realleges each and every denial as to the allegations contained in the paragraphs designated "1" through "38" of the complaint, in response to paragraph "39" thereof, with the same force and effect as if same were fully set forth at length.

40. Denies each and every allegation contained in the subdivision thereof numbered "40", except admits the existence of a contract pertaining to the maintenance of certain elevators at 130 West Kingsbridge Road, Bronx, New York leaving all questions of interpretation thereof and ultimate questions of law and fact to the trial of this action.

41.     Denies each and every allegation contained in the subdivision thereof numbered "41", except admits the existence of a contract pertaining to the maintenance of certain elevators at 130 West Kingsbridge Road, Bronx, New York leaving all questions of interpretation thereof and ultimate questions of law and fact to the trial of this action.

42.     Denies each and every allegation contained in the subdivision thereof numbered "42".

43.     Denies each and every allegation contained in the subdivision thereof numbered "43".

44.     Denies each and every allegation contained in the subdivision thereof numbered "44".

45.     Denies each and every allegation contained in the subdivision thereof numbered "45".

46.     Denies each and every allegation contained in the subdivision thereof numbered "46".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

47.     The plaintiff herein was guilty of culpable conduct, including contributory negligence, which said conduct bars plaintiff's right of recovery or diminishes plaintiff's right of recovery in proportion to which this said culpable conduct or negligence attributable to plaintiff bears to the culpable conduct of negligence which caused the damages, if any, or the occurrence complained of by plaintiff was caused in whole or in part by the assumption of risk of the plaintiff.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

48. Defendant NEW YORK ELEVATOR & ELECTRICAL CORPORATION f/k/a NEW YORK ELEVATOR CO., INC.., a/k/a CETNRAL ELEVATOR, INC. hereby demands that the liability, if any, of this defendant, which NEW YORK ELEVATOR specifically denies, be limited to that equitable share of this defendant determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss as set forth within Article 16 of the Civil Practice Law and Rules.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

49. If the plaintiff herein has received remuneration and/or compensation for some or all of his claimed economic loss, or will with reasonable certainty receive remuneration and/or compensation for said loss in the future, this defendant is entitled to have plaintiff's award, if any reduced by the amount of said remuneration and/or compensation pursuant to §4545(c) of the CPLR.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

50. The plaintiff misused or altered the product referred to herein.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

51. Defendant NEW YORK ELEVATOR & ELECTRICAL CORPORATION f/k/a NEW YORK ELEVATOR CO., INC. a/k/a CENTRAL ELEVATOR, INC., hereby pleads as an affirmative defense that NEW YORK ELEVATOR & ELECTRICAL CORPORATION did not manufacture, install, sell, design or distribute the elevator allegedly involved and therefore the plaintiff is barred from asserting any allegations as to strict liability or breach of warranty against it.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

52. Any injuries or damages sustained by plaintiff as alleged in the complaint were the damage of unforeseen misuse, substantial alternation or modification of the instrumentality allegedly involved herein by persons or entities over whom NEW YORK ELEVATOR & ELECTRICAL CORPORATION had no control.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

53. Any injuries and/or damages sustained by plaintiff as alleged in the complaint were caused in whole or in part by the culpable conduct of third parties not under the control of defendant NEW YORK ELEVATOR & ELECTRICAL CORPORATION.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

54. Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities as alleged in the verified complaint.

## AS AND FOR A NINETH AFFIRMATIVE DEFENSE

55. The defendant herein is not liable for more than its proportional share, if any, of the alleged damages pursuant to CPLR Article 16 determined with the relative culpability or each person or party causing or contributing to the total liability and that plaintiff has not joined all potentially liable parties.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

56. If defendant's product is identified as having caused, produced or contributed to plaintiff's injuries, said injuries were directly, proximately and solely caused by independent, intervening and superceding causes not reasonably foreseeable to the defendant.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

57. While the defendant denies the existence of any defective or otherwise dangerous conditions at the premises identified in the complaint, in the unlikely event that the court finds any such conditions were present, said defendant did not have any knowledge or notice of same prior to the time of the complained occurrence.

### AS A BASIS FOR AFFIRMATIVE RELIEF AND AS FOR A FIRST CROSS CLAIM AGAINST CO-DEFENDANTS, ANSWERING DEFENDANT ALLEGES:

58. If plaintiff was caused to sustain injuries and damages at the time and place set forth in plaintiff's Complaint through any carelessness, recklessness and negligence other than plaintiff's own, those damages arose in whole or in part from the acts of co-defendant(s) and if any judgment or recovery of any kind is recovered herein by plaintiff(s) against answering defendant, then this defendant will be damaged thereby and will be entitled to contribution or apportionment pursuant to CPLR Article 14 in whole or in part, on the basis of proportionate responsibility or negligence of co-defendant(s).

AS A BASIS FOR AFFIRMATIVE RELIEF AND
AS FOR A SECOND CROSS CLAIM AGAINST
<u>CO-DEFENDANTS, ANSWERING DEFENDANT ALLEGES</u>:

59. If the plaintiff(s) were caused to sustain injuries and damages at the time and in the manner set forth in the Complaint through any carelessness, recklessness or negligence other than that of plaintiff's own, which is expressly denied, such injuries and damages will have been caused, brought about and sustained solely by reason of the active, primary and affirmative negligence, carelessness and wrongdoing of the co-defendant(s), their agents, servants and/or employees, without any negligence on the part of this answering defendant contributing thereto, or if there be any negligence on the part of the answering defendant, the same was merely passive and secondary in nature.

60. That by reason of the foregoing, if the plaintiff(s) recover any judgment or recovery of any kind against the answering defendant, then pursuant to common law indemnification this defendant is entitled to be fully indemnified by the co-defendants in a like amount, together with the costs, disbursements, expenses and attorneys' fees of the defense of this action by reason of the active and primary negligence of the co-defendant(s).

WHEREFORE, the defendant, NEW YORK ELEVATOR & ELECTRCIAL CORPORATION demands judgment dismissing the complaint, together with the costs, disbursements and expenses of this action, and further demands that the relative responsibilities of the said defendants be apportioned and that the defendant, NEW YORK ELEVATOR & ELECTRICAL CORPORATION, have full indemnification and judgment herein against co-defendants for the full amount of any verdict or judgment that may be recovered against it by the

plaintiff in this action, together with all costs of investigation and disbursements, expenses and attorneys' fees incurred in the defense of this action, and in the conduct of this cross-claim.

Dated: New York, New York
February 19, 2008

Yours, etc.,

GERINGER & DOLAN LLP

By: _____
JOHN T. McNAMARA (JTM 9192)

Attorneys for Defendant
NEW YORK ELEVATOR &
ELECTRICAL CORPORATION f/k/a
NEW YORK ELEVATOR CO., INC.
a/k/a CENTRAL ELEVATOR, INC.
5 Hanover Square – 3rd Floor
New York, New York 10004
(212) 682-7050

TO: Simon B. Landsberg, Esq.
GROVER and FENSTERSTOCK, P.C.
Attorneys for Plaintiff
575 Lexington Avenue, Suite 400
New York, New York 10022
(212) 527-7575
Fax No.: (212) 527-7576

UNITED STATES OF AMERICA
United States Attorney's Office
Southern District of New York
One St. Andrews Plaza
New York, New York 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JEROME LEVINE,                                        Case Number: 07 CV 10949

                Plaintiff,

      -against-                                   AFFIDAVIT OF SERVICE

THE UNITED STATES OF AMERICA and
NEW YORK ELEVATOR & ELECTRICAL
CORPORATION f/k/a NEW YORK ELEVATOR
CO., INC. a/k/a CENTRAL ELEVATOR, INC.

                Defendants.
------------------------------------------------------------X

STATE OF NEW YORK   )
                             ) ss.:
COUNTY OF NEW YORK  )

       DONNA E. CALLI, being duly sworn, deposes and says:

       I am not a party to this action, I reside in Orange County, New York and I am over 18 years of age.

       On the 19th day of February, 2008, I served the within **ANSWER** upon the attorneys whose names and addresses are set forth below, by enclosing a true copy thereof in a securely sealed envelope/container, with proper postage, addressed to their respective offices, and by depositing same in an official box of the U.S. Post Office.

TO:    Simon B. Landsberg, Esq.
        GROVER and FENSTERSTOCK, P.C.
        Attorneys for Plaintiff
        575 Lexington Avenue, Suite 400
        New York, New York 10022
        (212) 527-7575
        Fax No.: (212) 527-7576

UNITED STATES OF AMERICA
United States Attorney's Office
Southern District of New York
One St. Andrews Plaza
New York, New York 10007

_____
DONNA E. CALLI

Sworn to before me this
19th day of February, 2008.

_____
Notary Public

ROBERT E. COLEMAN
Notary Public, State of New York
No. 02CO5045032
Qualified in Nassau County
Commission Expires June 12, 2011