MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: WENDY H. WASZMER
Assistant United States Attorney
86 Chambers Street -- 3rd Floor
New York, New York 10007
Tel. No.: (212) 637-2729
Fax No.: (212) 637-2717
E-mail: Wendy.Waszmer@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| JEROME LEVINE, | ECF CASE |
| Plaintiff, | |
| v. | No. 07 Civ. 10949 (DC) |
| UNITED STATES OF AMERICA, and NEW YORK ELEVATOR & ELECTRICAL CORP., et al., | **ANSWER** |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant United States of America ("the United States" or "Defendant"), by and through its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answers the Complaint of plaintiff Jerome Levine ("Plaintiff") on information and belief as follows:

THE PARTIES

1.      Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.      Defendant denies the allegations contained in paragraph 2 of the Complaint, and avers that the United States Department of Veterans Affairs' ("VA's") James J. Peters Veterans

Administrative Medical Center (the "Medical Center"), located at 130 West Kingsbridge Road, Bronx, New York 10568, is a tertiary care facility and teaching hospital providing inpatient and outpatient health care services.

3. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Paragraph 4 of the Complaint sets forth Plaintiff's characterization of his claims in this action, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint sets forth Plaintiff's characterization of his claims in this action, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint sets forth a conclusion of law, to which no response is required. To the extent that a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint sets forth a conclusion of law, to which no response is required. To the extent that a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint, except avers that Plaintiff submitted an administrative tort claim (Form SF-95), dated January 18,

2006, to the Office of Regional Counsel for the Department of Veterans Affairs, seeking personal injury damages in the amount of $5,000,000.[1]

9.  Defendant denies the allegations contained in paragraph 9 of the Complaint, and avers that the VA denied Plaintiff's January 18, 2006 administrative tort claim on October 10, 2006.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint, and avers that Plaintiff submitted a second administrative tort claim, dated March 23, 2007, to the Office of Regional Counsel for the Department of Veterans Affairs, seeking personal injury damages in the amount of $5,000,000.

12. Defendant admits the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint, and avers that the VA denied Plaintiff's administrative appeal regarding the denial of his January 18, 2006 administrative tort claim on August 20, 2007.

14. Paragraph 14 of the Complaint sets forth a conclusion of law, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 14 of the Complaint.

## FIRST CAUSE OF ACTION (AGAINST THE UNITED STATES OF AMERICA)

15. Defendant repeats and realleges its responses in paragraphs 1-14 as if set forth fully herein.

---

[1] Plaintiff's Complaint refers to Exhibits A-C. However, neither the copy of the Complaint served on the United States nor the copy filed via ECF in the Court's docket include copies of the exhibits referenced therein.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint, except avers that Plaintiff was a patient at the Medical Center on August 23, 2005, and on October 6, 2005.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint sets forth a conclusion of law, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint sets forth a conclusion of law, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

SECOND CAUSE OF ACTION (AGAINST THE UNITED STATES OF AMERICA)

28. Defendant repeats and realleges its responses in paragraphs 1-27 as if set forth fully herein.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint sets forth a conclusion of law. To the extent a response is required, defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

## THIRD CAUSE OF ACTION
## (AGAINST NEW YORK ELEVATOR & ELECTRICAL CORP.)

39. Defendant repeats and realleges its responses in paragraphs 1-38 as if set forth fully herein.

40. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

44.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

45.     Paragraph 45 of the Complaint sets forth a conclusion of law. To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

47.     The allegations contained in paragraphs (1)-(4) of the Complaint following the word "WHEREFORE" set forth Plaintiff's prayers for relief, to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to such relief from the United States.

## DEFENSES

### FIRST DEFENSE

The Court lacks subject matter jurisdiction some or all of Plaintiff's claims against the United States.

### SECOND DEFENSE

Neither Defendant nor its agents and employees were negligent in any manner.

### THIRD DEFENSE

The injuries and damages alleged in the Complaint were not proximately caused by a negligent or wrongful act or omission of Defendant or any agent or employee of Defendant.

### FOURTH DEFENSE

The injuries and damages alleged in the Complaint were caused in whole or in part by

individuals over whom Defendant exercised no control.

### FIFTH DEFENSE

In the event that Defendant is found to be negligent, the negligence of Plaintiff or individuals over whom Defendant exercised no control contributed to causing the alleged injuries and damages and any recovery must be proportionately reduced.

### SIXTH DEFENSE

Plaintiff's recovery, if any, may not exceed the amount presented in the administrative tort claims filed by Plaintiff.

### SEVENTH DEFENSE

Plaintiff has no right of recovery under New York Insurance Law because he has not sustained economic loss greater than basic economic loss and has not sustained a serious injury.

### EIGHTH DEFENSE

In the event that Defendant is found to be negligent, any judgment against Defendant must be reduced, pursuant to C.P.L.R. § 4545, by those amounts which have been, or will, with reasonable certainty, be reimbursed or indemnified, in whole or in part, from any collateral source.

### NINTH DEFENSE

Plaintiff failed to mitigate his damages.

### TENTH DEFENSE

Plaintiff is not entitled to a trial by jury against the United States, pursuant to 28 U.S.C. § 2402.

WHEREFORE, Defendant demands judgment dismissing the Complaint as against the United States and granting such further relief as the Court deems proper, including costs and disbursements.

Dated: February 25, 2008
      New York, New York

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendant
The United States of America

By: *[signature]*
WENDY H. WASZMER
Assistant United States Attorney
New York, New York 10007
Tel.: (212) 637-2729
Fax: (212) 637-2717

TO:    SIMON B. LANDSBERG, ESQ.
Counsel for Plaintiff Jerome Levine
Grover and Fensterstock, P.C.
575 Lexington Avenue
Suite 400
New York, NY 10022

JOHN A. MCCARTHY, ESQ.
Counsel for Defendant New York Elevator & Electrical Corp.
Geringer & Dolan, LLP
5 Hanover Square, 3rd Floor
New York, NY 10004

## CERTIFICATE OF SERVICE

I, Wendy H. Waszmer, an Assistant United States Attorney for the Southern District of New York, hereby certify that on February 25, 2008, I caused a copy of the foregoing Answer to be served, by Federal Express, upon the following:

SIMON B. LANDSBERG, ESQ.
Counsel for Plaintiff Jerome Levine
Grover and Fensterstock, P.C.
575 Lexington Avenue
Suite 400
New York, New York 10022

JOHN A. MCCARTHY, ESQ.
Counsel for Defendant New York Elevator & Electrical Corp.
Geringer & Dolan, LLP
5 Hanover Square, 3rd Floor
New York, New York 10004

Dated:   New York, New York
         February 25, 2008

                                    WENDY H. WASZMER
                                    Assistant United States Attorney
                                    Telephone: (212) 637-2729
                                    Facsimile: (212) 637-2717